IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HAROLD EDWARDS,                        :
                                       :
                    Petitioner,        :
                                       :
        v.                             :        Civil Action No. 20-413-RGA
                                       :
ROBERT MAY, Warden, and                :
ATTORNEY GENERAL OF THE                :
STATE OF DELAWARE,                     :
                                       :
                    Respondents.       :

---

**<u>MEMORANDUM OPINION</u>**

Harold Edwards. *Pro se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

February ____, 2023
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Harold Edwards' Petition for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1)  The State filed an Answer in

opposition. (D.I. 7)  For the reasons discussed, the Court will dismiss the Petition.

## I.     BACKGROUND

On May 27, 2014, Delaware State police arrested Petitioner after he attempted to steal a

box full of cartons of Newport 100s cigarettes from an Exxon convenience store in Claymont,

Delaware. (D.I. 8-2 at 12-16; D.I. 8-3 at 3, 73-74, 80, 110)  The manager of the store grabbed

Petitioner before he could leave and managed, along with a mechanic, to hold Petitioner until the

police came. (D.I. 8-2 at 12-16; D.I. 8-3 at 75-77, 87-88)  The manager was injured while

struggling with Petitioner. (D.I. 8-2 at 12, 15; D.I. 8-3 at 79, 91)  The police charged Petitioner

with first degree robbery. (D.I. 8-3 at 2)

Petitioner was the same person who had stolen cartons of Newport 100s from two Wawa

convenience stores on four separate occasions on April 20 and 21, and May 24, 2014. (D.I. 8-2

at 9-12; D.I. 8-3 at 58)  In each case, Petitioner asked a cashier for one or two cartons of

cigarettes and then grabbed the cigarettes from the cashier without paying for them. (D.I 8-2 at 9-

12; D.I. 8-3 at 63-64, 70, 124-25)  During the last incident, Petitioner threatened the cashier with

a knife when the cashier refused to give him the cartons. (D.I. 8-2 at 11-12; D.I. 8-3 at 125-26)

On August 4, 2014, a New Castle County grand jury indicted Petitioner on two counts of

first degree robbery and three counts of shoplifting less than $1,500. (D.I. 8-1 at Entry No. 2;

D.I. 8-2 at 6)  In May 2015, a Superior Court jury convicted Petitioner of all charges. (D.I. 8-1 at

Entry No. 39)  The State moved to declare Petitioner a habitual offender for one count of first

degree robbery. (D.I. 8-1 at 39, 41)  At the time, Petitioner had another case pending sentencing,

in which he had pled guilty to one count of second degree forgery.  (D.I. 8-3 at 17-18)  The State

also filed a motion in that case to have Petitioner sentenced as a habitual offender.  (D.I 8-3 at

18)  Prior to sentencing, Petitioner and the State agreed to recommend a sentence of seventeen

years of total unsuspended jail time, in exchange for the State withdrawing its petition to have

Petitioner declared a habitual offender for first-degree robbery.  (D.I. 8-3 at 205)  The Superior

Court followed the parties' recommendation and sentenced Petitioner on December 18, 2015 as

follows:  (1) for second degree forgery, to two years at Level V incarceration as an habitual

offender; (2) for first degree robbery, to fifteen years at Level V, suspended after ten years for

decreasing levels of supervision; (3) for first degree robbery, to ten years at Level V, suspended

after five years for one year of Level III probation; and (4) for each count of shoplifting, to one

year at Level V, suspended for one year of Level III probation.  (D.I. 8-3 at 206, 208-210)

Petitioner appealed.  Trial counsel filed a "no-merit" brief pursuant to Delaware Supreme

Court Rule 26(c) along with a motion to withdraw.  (D.I. 8-2 at 1-36); *see Edwards v. State*, 157

A.3d 1233 (Table), 2017 WL 772498, at *1 (Del. Feb. 27, 2017).  In the non-merit brief, trial

counsel presented various claims Petitioner wished to be considered on appeal.  (D.I. 8-2 at 22-

33)  The Delaware Supreme Court affirmed Petitioner's convictions and sentences on February

27, 2017.  *See Edwards*, 2017 WL 772498, at *5.

On April 5, 2017, Petitioner filed a *pro se* motion for post-conviction relief pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") and a motion for the appointment

of counsel.  (D.I. 8-11 at 121-124)  The Superior Court appointed counsel to represent Petitioner.

(D.I. 8-1 at 71)  On August 17, 2018, appointed counsel filed a motion to withdraw and a

memorandum presenting Petitioner's arguments.  (D.I. 8-1 at 72; D.I. 8-9)  On October 12, 2018,

the Superior Court denied Petitioner's Rule 61 motion and granted appointed counsel's motion to

withdraw. *See State v. Edwards*, 2018 WL 4962091, at *3 (Del. Super. Ct. Oct. 12, 2018).

Petitioner filed an appeal, but the Delaware Supreme Court dismissed the appeal under Delaware

Supreme Court Rule 6 for lack of jurisdiction because it was untimely. *See Edwards v. State*,

210 A.3d 723 (Table), 2019 WL 2064533, at *1 (Del. May 8, 2019).

## II.     EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the

petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275

(1971).  The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts
> of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to
>       protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to

give "state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at

844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).  A petitioner satisfies the

exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the

state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural

manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447,

451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).  A federal legal claim is "fairly

presented" to state courts when there is: "(1) reliance on pertinent federal cases employing constitutional analysis; (2) reliance on state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; [or] (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160. Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)*; Harris v. Reed*, 489 U.S. 255, 260-65 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless,* 172 F.3d at 260. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

5

Alternatively, a federal court may excuse a procedural default if the petitioner

demonstrates that failure to review the claim will result in a fundamental miscarriage of justice.

*See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d

Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional

violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477

U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v.*

*United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner

must present new reliable evidence – not presented at trial –  that demonstrates "it is more likely

than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d

Cir. 2002).

## III.   DISCUSSION

Petitioner's timely filed § 2254 Petition asserts three claims for relief: (1) trial, appellate,

and post-conviction counsel provided ineffective assistance by failing to argue that: (a) the State

violated *Batson v. Kentucky*, 476 U.S. 79 (1986) during jury selection when it exercised

peremptory strikes against black jurors; and (b) the State violated *Jencks v. United States*, 353

U.S. 657 (1957) and *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to turn over prior witness

statements (D.I. 1 at 5); (2) the State violated *Batson* during jury selection when it exercised

peremptory strikes against black jurors (D.I. 1 at 7); and (3) the State failed to turn over prior

witness statements as required by *Jencks* and *Brady.* (D.I. 1 at 8).

### A. Claim One: Ineffective Assistance of Trial, Appellate, and Post-Conviction Counsel

In Claim One, Petitioner asserts that: (a) trial counsel was ineffective for failing to raise a

*Batson* claim during his trial ("IATC *Batson*") and for failing to request *Jencks/Brady* material

("IATC *Jencks/Brady*"); (b) appellate counsel was ineffective for failing to raise the free-standing *Batson* and *Jencks/Brady* material claims (Claims Two and Three) on direct appeal ("IAAC" arguments); and (c) post-conviction counsel was ineffective for failing to raise the free-standing *Batson* and *Jencks/Brady* claims (Claims Two and Three) in his Rule 61 motion.  (DI. 1 at 5)

### 1.   Claim One (a):  Ineffective Assistance of Trial Counsel

The record reveals that Petitioner's IATC *Batson* argument is exhausted but procedurally defaulted.  (D.I. 8-9 at 11)  Although Petitioner presented the IATC *Batson* argument in his Rule 61 motion – which was denied[1] – the Delaware Supreme Court dismissed his Rule 61 appeal as untimely filed under Delaware Supreme Court Rule 6.  *See Edwards*, 2019 WL 2064533, at *1. By applying the procedural bar of Rule 6, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed* that its decision rested on state law grounds.  *See Harris,* 489 U.S. at 264-65.  In turn, Delaware Supreme Court Rule 6 is an independent and adequate state procedural rule effectuating a procedural default.  *See Tribuani v. Phelps,* 820 F. Supp. 2d 588, 592-93 (D. Del. 2011).  Therefore, the Court cannot review the merits of the IATC *Batson* argument in Claim One (a) absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

In addition, the record reveals that Petitioner's IATC *Jencks/Brady* argument is unexhausted because he did not include it in his Rule 61 motion or on post-conviction appeal.  At this juncture, any attempt by Petitioner to present his IATC *Jencks/Brady* claim in a new Rule 61 motion would be time-barred under Rule 61(i)(1).  *See DeAngelo v. Johnson*, 2014 WL 4079357, at *12 (D. Del. Aug. 15, 2014).  Although Rule 61(i)(1) provides for an exception to the one-year

---

[1]*Edwards*, 2018 WL 4962091, at *3.

time limitation if the untimely Rule 61 motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final," no such right is implicated in the instant IATC *Jencks/Brady* argument.  Similarly, the exceptions to Rule 61(i)(1)'s time-bar contained in Rule 61(i)(5) and (d)(2) do not apply to Petitioner's case, because he does not allege actual innocence, lack of jurisdiction, or that a new rule of constitutional law applies to the instant arguments.  Given these circumstances, the Court must treat the instant IATC *Jencks/Brady* argument as procedurally defaulted, meaning that the Court cannot review the merits of the argument absent a showing of cause and prejudice or a miscarriage of justice.

To the extent Petitioner attempts to establish cause for his default of both the IATC *Batson* and the IATC *Jencks/Brady* arguments by alleging post-conviction counsel was ineffective for not raising these IATC arguments in his Rule 61 motion, the attempt is unavailing.  In *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012), the Supreme Court held that inadequate assistance or the absence of counsel during an initial-review state collateral proceeding may (under certain circumstances) establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel.  *Id.* at 12, 16-17.  The Third Circuit has explained the application of *Martinez* in habeas cases:

> *Martinez* recognizes a narrow exception to the doctrine of procedural default: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." This exception is available to a petitioner who can show that: 1) his procedurally defaulted ineffective assistance of trial counsel claim has "some merit," and that 2) his state-post conviction counsel was "ineffective under the standards of *Strickland v. Washington*."

*Workman v. Sup't Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019). "To demonstrate that his claim has some merit, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

8

presented were adequate to deserve encouragement to proceed further.'" *Id.* at 938 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). To demonstrate that post-conviction counsel's ineffectiveness caused the procedural default, a petitioner must show that post-conviction counsel's performance was deficient under the first prong of the *Strickland* standard, *i.e.*, "that his state post-conviction counsel's performance fell below an objective standard of reasonableness." *Workman*, 915 F.3d at 941.

Here, Petitioner cannot demonstrate that his IATC *Batson* and IATC *Jencks/Brady* arguments are substantial. The Superior Court actually considered the *Batson* claim (Claim Two) presented in Petitioner's Rule 61 motion, and concluded that the argument was meritless because the record of jury selection did not establish a *prima facie* case that the State exercised its peremptory strikes on the basis of race. *See Edwards*, 2018 WL 4962091, at *3. As for Petitioner's IATC *Jencks/Brady* argument, the Delaware Supreme Court reviewed Petitioner's *Jencks/Brady* claim on direct appeal for plain error, and found that, whether or not the police notes were discoverable or exculpatory, the "record does not reflect that [Petitioner] was prejudiced by the State's failure to preserve the police officer's notes." *Edwards*, 2017 WL 772498, at *3. Given the Delaware state court determinations regarding the underlying claims, Petitioner cannot show that "the issues presented were adequate to deserve encouragement to proceed further." *See Workman*, 915 F.3d at 941. In other words, Petitioner's IATC *Batson* and IATC *Jencks/Brady* arguments lack "some merit." Thus, post-conviction counsel's failure to present the two IATC arguments in Petitioner's Rule 61 motion does not constitute cause.

In the absence of cause, the Court will not address the issue of prejudice. Additionally, given Petitioner's failure to provide new reliable evidence of his actual innocence, Petitioner's procedural default cannot be excused under AEDPA's miscarriage of justice exception.

Accordingly, the Court will deny Claim One (a) as procedurally barred from federal habeas review.

### 2.   Claim One (b):  Ineffective Assistance of Appellate Counsel

The record reveals that Petitioner did not exhaust state remedies for Claim One (b)'s IAAC arguments because he did not present the arguments to the Delaware state courts in his Rule 61 motion or on post-conviction appeal.  At this juncture, any attempt by Petitioner to present the instant IAAC arguments in a new Rule 61 motion would be time-barred under Rule 61(i)(1).  *See DeAngelo*, 2014 WL 4079357, at *12.  None of the exceptions to the time-bar contained in Rule 61 apply here.  *See* Del. Super. Ct. R. 61(d)(2) and (i)(1), (5).  As a result, the Court must treat the instant IAAC arguments as procedurally defaulted, meaning that the Court cannot review the merits of the arguments absent a showing of cause and prejudice or a miscarriage of justice.

To the extent Petitioner attempts to establish cause for his default of the IAAC arguments by alleging post-conviction counsel was ineffective for not raising his IAAC arguments in his Rule 61 motion, the attempt is unavailing.  The United States Supreme Court has not extended the very limited *Martinez* exception to ineffective assistance of *appellate* counsel claims.  *See Davila v. Davis*, 137 S. Ct. 2058, 2068 (2017) (noting that the equitable concerns of *Martinez* do not apply to ineffective assistance of appellate counsel); *Ridgeway v. Sup't Greene SCI*, 2018 WL 4178848, at *1 (3d Cir. June 21, 2018) (noting that *Davila* decided the previously-open question as to whether *Martinez* "can and should be extended to a claim that post-conviction counsel was ineffective for failing to raise a claim of ineffectiveness of appellate counsel.").

Petitioner's failure to establish cause for his default of Claim One (b) eliminates the need to address the issue of prejudice. And, once again, Petitioner's failure to provide new reliable

evidence of his actual innocence renders the miscarriage of justice exception inapplicable to his case.  Thus, the Court will deny Claim One (b) as procedurally barred.

### 3.   Claim One (c): Ineffective Assistance of Post-Conviction Counsel

In Claim One (c), Petitioner appears to allege that post-conviction counsel was ineffective for failing to raise the *Batson* and *Jencks/Brady* claims (Claims Two and Three) in his Rule 61 motion.  There is no federal constitutional right to effective post-conviction representation.  *See* 28 U.S.C. § 2254(i); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first right of appeal and no further.").  Therefore, the Court will dismiss Claim One (c) for failing to assert an issue cognizable on federal habeas review.

### B.   Claim Two: *Batson* Violation

In Claim Two, Petitioner contends that the State violated *Batson* by exercising its peremptory strikes against black jurors.  (D.I. 1 at 5, 7)  The record reveals that Petitioner presented Claim Two to the Delaware Supreme Court as part of defense counsel's Rule 26(c) no-merit brief and motion to withdraw.  (D.I.  8-2)  The Delaware Supreme Court reviewed Claim Two for plain error under Delaware Supreme Court Rule 8 because Petitioner did not present the claim to the trial court.  *See Edwards*, 2017 WL 772498, at *5 & n. 36.  By explicitly applying the plain error doctrine to Claim Two, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed* that its decision rested on state law grounds.  *See Harris*, 489 U.S. at 264-65.  In turn, Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule effectuating a procedural default.  *See Campbell v. Burris*, 515 F.3d 172, 182 (3d Cir. 2008).  Therefore, the Court cannot review the merits of Claim Two absent a showing of

11

cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

To the extent Petitioner attempts to establish cause by pointing to trial and appellate counsel's failure to raise Claim Two during trial or on direct appeal, the attempt is unavailing. As previously explained, Petitioner's IATC and IAAC *Batson* arguments are procedurally defaulted. *See supra* at Section III.A.1 & 2. A procedurally defaulted ineffective assistance of counsel claim cannot excuse Petitioner's procedural default of his substantive *Batson* Claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).

Given Petitioner's failure to establish cause for his default of Claim Two, the Court will not address the issue of prejudice. Nor can Petitioner's procedural default be excused under the miscarriage justice exception, because he has not provided new reliable evidence of his actual innocence  Thus, the Court will deny Claim Two as procedurally barred.

### C. Claim Three: *Jencks/Brady* Violation

In Claim Three, Petitioner argues that his rights under *Jencks* and *Brady* were violated because he did not receive "state witness statements made prior to their trial testimony." (D.I. 1 at 8) On direct appeal, Petitioner argued that the State violated *Jencks* and *Brady* by failing "to preserve the Exxon surveillance video and the police officer's interview notes as discoverable evidence." *Edwards*, 2017 WL 772498, at *3. The Court presumes that the "state witness statements" referenced in Claim Three of the Petition in this case are the police officer's witness interview notes mentioned on direct appeal.

The Delaware Supreme Court reviewed Petitioner's *Jencks/Brady* argument concerning the police officer's interview notes for plain error under Delaware Supreme Court Rule 8. As previously explained, Rule 8 is an independent and adequate state law ground, which means that

Petitioner's *Jencks/Brady* argument involving the police officer's interview notes is procedurally defaulted. Petitioner's related IATC and IAAC *Jencks/Brady* claims are themselves procedurally defaulted and, therefore, cannot constitute cause for his default of the instant argument. The miscarriage of justice exception is unavailable to excuse Petitioner's default because he has not provided new reliable evidence of his actual innocence. Therefore, to the extent the *Jencks/Brady* argument in Claim Three involves the police officer's interview notes, the Claim is procedurally barred from habeas review.

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, when a district court denies a habeas claim or petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Court will deny the Petition without holding an evidentiary hearing or issuing a certificate of appealability.  An appropriate Order will be entered.